PRESTON H. HUFFT, Judge Pro Tern.
This is an appeal from the trial court’s judgment which awarded plaintiff, the Cler-Tech Group, Inc. (hereinafter “ClerTech”), $16,040.00 plus interest and costs for the fee due by defendant, International-Matex Tank Terminals (hereinafter “IMTT”), for services rendered by ClerTech in locating and referring to IMTT for employment, an individual named Mr. George Wurtmann. The trial court found that ClerTech, a licensed employment recruiting agency, proved that there was an agreement between Mr. Robert Warren of ClerTech and Mr. John Little, operations manager for IMTT, that IMTT would pay ClerTech a fee if IMTT hired an employee who was located and referred by ClerTech.
IMTT asserts on appeal that the trial court erred in upholding the oral contract between the parties and claims that there was no meeting of the minds or consent to the “fee” between the parties. Furthermore, IMTT argues that the phrase “1% per $1,000” contained in ClerTeeh’s description of their fee calculation is ambiguous and should have been interpreted against ClerTech.
The testimony established that Mr. Robert Warren of ClerTech telephoned Mr. John Little of IMTT to inquire about IMTT’s employment needs. Mr. Little in *1285 formed Mr. Warren that “his company” needed a field engineer project manager. Mr. Warren asked Mr. Little if his company used employment recruiting firms and if they paid the fees and Mr. Little informed Mr. Warren that they did. Subsequently, with Mr. Little’s permission and request, Mr. Warren forwarded several resumes to Mr. Little, including the resume of Mr. George Wurtmann, who was eventually hired by Mr. Little for the project manager position.
Mr. Warren testified that he explained to Mr. Little how ClerTech’s fee would be calculated if Mr. Wurtmann was hired. He testified further that Mr. Little agreed to pay a fee to ClerTech and did not question the fee or the method of calculating it until after Mr. Wurtmann was hired.
In a document prepared by ClerTech and sent to Mr. Little, the fee calculation was explained as follows:
The ClerTech Group bases its fees on a schedule of 1% per $1,000, with special consideration given to accounts who either grant us an exclusive job order or who have multiple placement needs.
The trial court found that Mr. Warren explained the fee calculation to Mr. Little. Furthermore, at the request of Mr. Little, Mr. Warren conferred with his superior at ClerTech and agreed to reduce the maximum fee for IMTT to twenty-five percent of the first year’s salary. Under the circumstances, we do not find the aforementioned ClerTech document to be ambiguous.
It is well settled in our jurisprudence that the trial court’s findings of fact should not be disturbed unless they are clearly wrong or manifestly erroneous. Arcen-eaux v. Dominque, 365 So.2d 1330 (La. 1978). The trial court found that Mr. Little, on behalf of IMTT, agreed to pay a fee to ClerTech as it had been explained to him by Mr. Warren. Furthermore, the trial court found that when Mr. Little hired Mr. Wurtmann, IMTT was bound to pay the fee which had been proposed by ClerTech, and accepted by IMTT. We find no error in the trial court’s judgment.
AFFIRMED.